UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARY A. B.,[1]<br><br>　　　　　Petitioner,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,[2]<br><br>　　　　　Respondent. | Case No. 2:21-CV-00148-DCN-DKG<br><br>**REPORT AND RECOMMENDATION** |

# INTRODUCTION

Petitioner brought this matter for judicial review of Respondent's denial of her application for a period of disability and disability insurance benefits. (Dkt. 1.) The Court has reviewed the Petition, the parties' memoranda, and the administrative record (AR). For the reasons that follow, the Court will recommend that the decision of the Commissioner be affirmed.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Kilolo Kijakazi is substituted for Andrew Saul pursuant to Federal Rule of Civil Procedure 25(d). Kijakazi became the Acting Commissioner of Social Security Administration on July 9, 2021.

## BACKGROUND

On July 8, 2019, Petitioner filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging disability beginning on June 28, 2019. (AR 237.) Petitioner meets the insured status requirements through December 31, 2024. The application was denied initially and on reconsideration.

A hearing was conducted on December 3, 2020, before Administrative Law Judge (ALJ) Marie Palachuk. After considering testimony from Petitioner, a physical medical expert, and a vocational expert, the ALJ issued a written decision finding Petitioner not disabled on January 6, 2021. (AR 13-24.) The Appeals Council denied Petitioner's request for review, making the ALJ's decision final. *See* 42 U.S.C. § 405(h). Petitioner timely filed this action seeking judicial review of the ALJ's decision. (Dkt. 1.) The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

At the time of the alleged disability onset date, Petitioner was sixty years of age. Petitioner attained her high school equivalency and has past relevant work experience as a cashier, bail bond agent, house parent, and case aide. (AR 27.) Petitioner claims she is unable to work due to a complex wrist fracture with four plates multiple screws in her left hand; left shoulder; two trigger finger surgeries in her right hand; three screws in her right knee; and a cataract in her right eye. (AR 256.)

## THE ALJ DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

**REPORT AND RECOMMENDATION - 2**

result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential process in determining whether a person is disabled or continues to be disabled within the meaning of the Social Security Act (SSA). *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v); 20 C.F.R. § 404.1594.

Here, at step one, the ALJ found Petitioner had not engaged in substantial gainful activity since the alleged onset date. (AR 15.) At step two, the ALJ determined Petitioner suffers from the following medically determinable severe impairments: remote history two trigger finger releases in the right hand in November 2015 and July 2016; minor osteoarthritis throughout the IP joints in the right hand; left wrist fracture status-post ORIF[3] on March 20, 2019. (AR 15.) The ALJ further concluded that Petitioner's left shoulder pain, low back pain, tobacco abuse, alcohol abuse, hypertension, early cataract of the right eye were not severe impairments. At step three, the ALJ determined that, through the date last insured, Petitioner did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 16.)

The ALJ next found Petitioner retained the residual functional capacity for "light work," as defined in 20 C.F.R. § 404.1567(b) with certain limitations.[4] The ALJ

---

[3] ORIF is a medical abbreviation for "open reduction and internal fixation," which generally refers to a type of surgery used to stabilize and heal a broken bone.

[4] Light work requires the ability to lift up to twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds, and the ability to stand or walk, off and on, for a total of approximately six hours of an eight-hour workday. SSR 83-10.

**REPORT AND RECOMMENDATION - 3**

concluded Petitioner can perform postural activities occasionally but no ladders, ropes or scaffolds, and no crawling; can push and pull with the left non-dominant upper extremity occasionally; can reach with the left upper extremity frequently except overhead reaching is limited to occasional; and can handle with the left upper extremity occasionally, but fingering and feeling with the left upper extremity can be done frequently. (AR 17.)

Relying upon testimony from the vocational expert, the ALJ concluded at step four that Petitioner retained the ability to perform her past relevant work as a cashier, bail bond agent, and case aide. (AR 23.) The ALJ therefore determined Petitioner was not disabled and did not proceed to step five.

## ISSUES FOR REVIEW

1. Whether the ALJ erred by failing to resolve the conflict between Petitioner's residual functional capacity limiting her to occasional overhead reaching, and the exertional requirements listed in the Dictionary of Occupational Titles for the jobs the ALJ found Petitioner could perform?

2. Whether the ALJ erred by failing to resolve the conflict between Petitioner's residual functional capacity limiting her to occasional handling with the left upper extremity and the handling requirements listed in the Dictionary of Occupational Titles for the jobs the ALJ found Petitioner could perform?

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision unless: 1) the decision is based on legal error, or 2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197,

229 (1938)). It is more than a scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Id.* at 1010; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court must uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999). The Court will not reverse the ALJ's decision if it is based on harmless error, which exists where the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal marks and citations omitted); *see also Molina v. Astrue*, 674 F.3d 1104, 1117–1122 (9th Cir. 2012).

## DISCUSSION

Both of the issues on review contend the ALJ erred at step four by failing to address inconsistencies between the vocational expert's testimony, the RFC limitations,

and the Dictionary of Occupational Titles (DOT). (Dkt. 18, 20, 21.)

1.      **Legal Standard**

At step four, the ALJ compares Petitioner's residual functional capacity assessment with her ability to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (f). If the ALJ finds the Petitioner has the residual functional capacity to do past relevant work, the Petitioner will be found not disabled. 20 C.F.R. § 404.1560(b)(3). Petitioner carries the burden to show she can no longer perform her past relevant work. *Carmickle*, 533 F.3d at 1166.

In making the step four determination, the ALJ "may consult a series of sources including a [vocational expert] and the DOT." *Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017); *see also* Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 (Dec. 4, 2000); 20 C.F.R. § 404.1560(b)(2). The ALJ has an affirmative duty to resolve any obvious or apparent conflicts between the DOT and the vocational expert's testimony. *See Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007); *Lamear*, 365 F.3d at 1205; SSR 00-04p, at *4. "If the [vocational] expert's opinion that the applicant is able to work conflicts with, or seems to conflict with, the requirements listed in the [DOT], then the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled." *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016); *see also Massachi*, 486 F.3d at 1152 ("SSR 00–4p unambiguously provides that '[w]hen a [vocational expert] ... provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible

conflict between that [vocational expert] ... evidence and information provided in the [DOT].").

An obvious or apparent conflict exists where the vocational expert's testimony is "at odds with the [DOT's] listing of job requirements that are essential, integral, or expected." *Gutierrez*, 844 at 808. Where such a conflict exists, the ALJ may accept the vocational expert's testimony that contradicts the DOT only if the record contains "persuasive evidence to support the deviation." *Pinto v. Massanari*, 249 F.3d 840, 846 (9th Cir. 2001) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995)). Without an explanation from the ALJ addressing this conflict, courts cannot "determin[e] whether the ALJ's decision is supported by substantial evidence." *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015).

**2.      Discussion**

During the hearing, the ALJ asked the vocational expert whether an individual with Petitioner's RFC could perform any of her past work. (AR 58-60.) The vocational expert testified that a hypothetical individual with such an RFC could perform Petitioner's past relevant work as a cashier, bail bond agent, and case aide. (AR 58-60.)[5] Petitioner's counsel then inquired of the vocational expert whether his opinion concerning past work would be different if the hypothetical changed to limit the individual to occasional handling with both upper extremities. (AR 59-60.) The

---

[5] The vocational expert also testified that Petitioner could perform her past work as a greeter and customer service clerk. (AR 58.) The ALJ concluded those past occupations did not qualify as past relevant work and, therefore, will not be addressed by the Court. (AR 23.)

vocational expert responded that the suggested change to the hypothetical would eliminate the individual's ability to perform all of the past work previously identified. (AR 59.)

In the written decision, the ALJ relied on the testimony of the vocational expert in determining at step four that Petitioner would be able to perform her past relevant work as a cashier, bail bond agent, and case aide, stating:

> The vocational expert testified that a person with the claimant's limitations would be able to perform all her past relevant work except for the house parent (medium exertional level). Although the vocational expert's testimony is not entirely consistent with the information contained in the Dictionary of Occupational Titles (DOT) and the Selected Characteristics of Occupational Titles (SCO), there is a reasonable explanation for the discrepancy. These publications do not address limitations to one upper extremity. The vocational expert explained that the hypothetical limitations to the non-dominant left upper extremity would not preclude the claimant's past relevant work as a cashier, bail bond agent, and case aide. The undersigned accepts the vocational expert's testimony regarding these workability issues, which is based on his knowledge and expertise in vocational matters.

(AR 23.)

On review, Petitioner argues a conflict existed between the vocational expert's testimony that Petitioner could perform her past relevant work as a cashier and bail bond agent given her RFC limitations, and the description of the reaching and handling requirements of those two occupations in the DOT. (Dkt. 18, 21.) Petitioner argues the DOT's job descriptions for a cashier and bail bond agent require at least frequent reaching and frequent handling, both of which exceed Petitioner's RFC limiting her to occasional reaching and occasional handling with her left upper extremity. *See* DOT

**REPORT AND RECOMMENDATION - 8**

211.462-010 (cashier II); DOT 186.267-010 (bail bond agent). Petitioner further argues the DOT does not differentiate between the ability to reach and reach overhead, and that the ALJ erred by failing to resolve the conflict between frequent reaching and occasional overhead reaching as it pertains to the past jobs the ALJ found Petitioner could perform. (Dkt. 21.)[6]

However, Petitioner does not contest that the vocational expert testified she was able to perform her past work as a case aide, and does not assert that Petitioner's RFC limitations prevent her from performing her past work as a case aide. (Dkt. 18, 21.) Consequently, Respondent contends that any error by the ALJ at step four was harmless, because the ALJ properly identified past relevant work that Petitioner could perform as a case aide worker. (Dkt. 20.) The Court agrees.

Ordinarily the ALJ must resolve any conflict between the vocational expert's testimony and the DOT. *See Massachi*, 486 F.3d at 1153. Here, the ALJ did not elicit an explanation for the conflict from the vocational expert concerning the discrepancy between Petitioner's RFC limitations for reaching and handling and the DOT's reaching and handling requirements for the jobs of cashier and bail bond agent.[7] Nor did the ALJ

---

[6] While Petitioner's briefing couches the issue broadly as pertaining to "the jobs identified by the ALJ which the ALJ felt Petitioner could perform," Petitioner concedes the job requirements for a case aide do not exceed Petitioner's RFC reaching or handling limitations. (Dkt. 18 at 4-5) ("Two of the three jobs identified by the ALJ require Petitioner to have the ability to reach frequently." And, "[o]nly the job of 'case aide' allows for occasional reaching and handling."); (Dkt. 21 at 2-3) ("[T]he ALJ identified a single job [of case aide] that Petitioner could perform with the handling limitation she identified in the decision.").

[7] The ALJ's written decision addressed a different conflict concerning limitations to one

resolve any conflict between the DOT and the vocational expert's testimony with regard to reaching and overhead reaching. However, any error in this regard was harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination.") (quotation marks and citations omitted)).

      The vocational expert testified Petitioner could perform her past relevant work as a case aide; which requires only occasional reaching and handling. *See* DOT 195.367-010 (case aide). Petitioner's RFC limitations for reaching and handling are consistent with the DOT's description of the job requirements for a case aide.[8] The ALJ's finding that Petitioner can perform her past relevant work as a case aide is therefore unaffected by the alleged error concerning the jobs of cashier and bail bond agent, and is sufficient standing alone to support the ALJ's disability finding. (AR 23-24); *see also Garrison*, 759 F.3d at 1011 (a claimant is not disabled if she can return to past work or can perform alternate jobs which exist in sufficient number in the economy).

      Consequently, the ALJ properly determined at step four that Petitioner is able to perform her past relevant work as a case aide and, thus, concluded Petitioner was not disabled. Any error in the ALJ's consideration of Petitioner's other past jobs or the

---

upper extremity, as opposed to both upper extremities. (AR 23.) Petitioner does not assign any error to this portion of the ALJ's decision. Regardless, any error is harmless for the same reasons stated herein.

[8] Regardless of any difference between reaching and overhead reaching, the DOT job description for a case aide worker requires occasional reaching and handling, which is consistent with Petitioner's RFC limitations. DOT 195.367-010 (case aide).

**REPORT AND RECOMMENDATION - 10**

failure to reconcile any inconsistency between the vocational expert's testimony and the DOT was harmless. *See e.g., Gorgoyan v. Berryhill*, No. 16-04668-DFM, 2017 WL 5891649, at *8 (C.D. Cal. Nov. 28, 2017) (finding the ALJ's failure to resolve conflict between vocational expert and DOT harmless error where the vocational expert also found Petitioner could do other work which did not conflict with DOT); *Carroll v. Colvin*, No. 12–1181, 2013 WL 1935250, at *1 (C.D. Cal. May 8, 2013) (finding alleged conflict with DOT harmless where vocational expert also correctly testified that claimant could work as a ticket taker/usher).

## CONCLUSION

Based on the above, the Court finds the Commissioner's decision is supported by substantial evidence and reflects application of the correct legal standards. Petitioner has not met her burden of establishing harmful error with respect to the ALJ's consideration of the vocational expert's testimony in support of her request for remand. Nor has Petitioner shown the ALJ's RFC determination is not supported by substantial evidence. Therefore, the Court recommends that the Petition for Review be denied and that the ALJ's decision be affirmed.

## <u>RECOMMENDATION</u>

**NOW THEREFORE IT IS HEREBY RECOMMENDED**:

1) The Petition for Review (Dkt. 1) be **DENIED**;

2) The Commissioner's decision be **AFFIRMED**; and

3) Judgment be entered consistent with the above in favor of Respondent.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: June 6, 2022

_____
Honorable Debora K. Grasham
United States Magistrate Judge